5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hyun Bae SUH, Defendant-Appellant
 No. 92-50187.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 26, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-869-RG, Richard A. Gadbois, Jr., District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 MEMORANDUM**
 Before PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 Hyun Bae Suh appeals his sentence of 16 months incarceration imposed under the Sentencing Guidelines after he pleaded guilty to one count of producing false identification documents in violation of 18 U.S.C. Sec. 1028(a)(1). He argues that the district court erred by increasing his base offense level for "more than minimal planning," according to U.S.S.G. Sec. 2F1.1(b)(2)(A), and by departing upward based on the number of documents involved. He also argues that the extent of the upward departure was unreasonable.
 
 I.
 
 2
 The increase for "more than minimal planning" under U.S.S.G. Sec. 2F1.1(b)(2)(A) was not erroneous. Suh's production of approximately 68,900 false identification documents of four different types required "more planning than is typical for commission of the offense in a simple form." See U.S.S.G. Sec. 1B1.1, Application Note 1(f). At sentencing, Suh did not dispute the testimony of the Government's expert, Larner, who examined documents that Suh had admitted producing and concluded that advanced printing and counterfeiting skills were necessary to produce the counterfeit documents. In addition, the Probation Office inferred from the "sheer number of documents" that "preparation and forethought" had been required.
 
 
 3
 More than minimal planning also is "deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. Sec. 1B1.1, Application Note 1(f). Suh failed to challenge this issue in the district court. His argument that he only engaged in the offense on one occasion because he did not know that printing the documents was illegal is without merit. Suh admitted engaging in the offense on two separate occasions: first, printing social security cards and INS cards, and several months later, fusing together other materials. [PSR 9.]
 
 II.
 
 4
 Suh argues that the upward departure was inappropriate because his sentence should have been based on the $550 he received for the counterfeiting, rather than on the number of documents he produced. The Guidelines do not take into account the number of fraudulent documents involved in the offense. U.S.S.G. Sec. 2F1.1, applicable to violations of 18 U.S.C. Sec. 1028(a)(1), provides for determining the offense level according to the monetary loss caused by the crime of fraud or deceit. However, the harm caused by Suh's fraud cannot be measured in monetary terms, and the Guidelines provide for upward departure in such a case. U.S.S.G. Sec. 2F1.1, Application Note 10(a). The district court had legal authority to depart. See United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc).
 
 
 5
 The court's findings supporting the existence of the circumstance identifying departure, the unusually large number of documents involved, were not clearly erroneous. See Lira-Barraza, 941 F.2d at 746. Government agents testified that they were aware of no false document case involving as many documents as Suh's case, and that documents produced by Suh were matched to documents recovered in ten other jurisdictions.
 
 
 6
 The extent of the departure was guided by an analogy to the treatment of counterfeiting offenses under Part B of Chapter 2 of the Guidelines, as recommended by U.S.S.G. Sec. 2F1.1, Application Note 11, and was not unreasonable within the meaning of 18 U.S.C. Sec. 3742(e)(3) and (f)(2). See Lira-Barraza, 941 F.2d at 747. The court referred to Section 2B5.1, which covers offenses involving counterfeit bearer obligations of the United States, and provides that if the defendant manufactured or produced such documents, or possessed or controlled devices used for counterfeiting, and the offense level established by the table in Section 2F1.1 is less than 15, the level should be increased to 15. U.S.S.G. Sec. 2B5.1(b)(2). That description clearly applied to Suh.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3